UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN DOE,

          Plaintiff,

                            No. 1:18-cv-07429

v.

UNIVERSITY OF CHICAGO AND JANE       Honorable Judge Kendall
ROE,

          Defendants.

## JOINT INITIAL STATUS REPORT OF PLAINTIFF AND DEFENDANTS

Plaintiff John Doe ("Plaintiff" or "Doe") and Defendants the University of Chicago (the "University") and Jane Roe ("Roe"), through their respective attorneys and pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Case Procedures, submit the following joint initial status report in advance of the status conference set for January 29 at 9:00 a.m.

1. **The attorneys of record for each party including the attorney(s) expected to try the case.**

   Doe is represented by Sean Crotty, Eugene Schiltz, and Francis Wilkie of Crotty & Schiltz, LLC. Sean Crotty is the lead trial attorney.

   The University is represented by Scott Warner and Katelan Little of Husch Blackwell LLP. Scott Warner is the lead trial attorney.

   Roe is represented by Deidre Baumann of Baumann & Shuldiner, who is the lead trial attorney.

2. **State the basis for federal jurisdiction.**

   This Court has federal question jurisdiction over Doe's claims pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*., 28 U.S.C. §1331, and 28 U.S.C. §1343. This Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332 as this matter involves complete diversity of citizenship between Doe and the Defendants, who are citizens of different states, and the amount in controversy exceeds $75,000. This Court also has supplemental jurisdiction over Doe's state law claims pursuant to 20 U.S.C. § 1367.

3.  **The nature of the claims asserted in the complaint and any expected counterclaim**.

The Complaint includes claims against the University for alleged violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. and of the 5th and 14th Amendments (Count V and VI, respectively).   The Complaint also includes state law claims against the University under the following theories: breach of contract (Count II), promissory estoppel (Count III), and intentional infliction of emotional distress (Count IV).  In addition, the Complaint includes state law claims against Roe under the following theories: defamation (Count VII), false light (Count VIII), and intentional infliction of emotional distress (Count IX).

The Complaint seeks compensatory, general and punitive damages, injunctive relief, and attorneys' fees.

Currently, there are no expected counterclaims by either the University or Roe.

4.  **The name of any party not yet served and the circumstances regarding non-service.**

None.

5.  **The principal legal issues.**

The principal legal issues in this case with regard to the University are: (1) whether Doe can state a viable cause of action against the University under any of the theories alleged in the Complaint; (2) whether the University intentionally discriminated against Doe based on his sex in violation of Title IX under an erroneous outcome or selective enforcement theory; (3) whether Doe can establish a breach of contract claim or in the alternative, a claim of promissory estoppel (Counts II and III, respectively); (4) whether Doe can establish the University intentionally inflicted emotional distress on him (Count IV); (5) whether Doe can establish any valid basis for holding the University liable as a government actor sufficient to prove claims against the University under the Fifth Amendment (Count V) and 42 U.S.C. § 1983 for allegedly violating the Fourteenth Amendment (Count VI); (6) whether Doe's claims for punitive damages are barred in whole or in part; (7) whether Doe is precluded from recovering attorney's fees under Counts II and III for breach of contract or promissory estoppel; and (8) whether Doe is entitled to any of the other relief he seeks in the Complaint.

The principal legal issues in this case with regard to Roe are: (1) whether Roe defamed Doe, placed Doe in a false light, and engaged in intentional infliction of emotional distress in relation to Doe; and (2) whether Doe is entitled to the relief he seeks in the Complaint.

6.  **The principal factual issues.**

At this stage, the principal factual issues in this case relate to (1) Doe's and Roe's relationship and interactions with one another; (2) the University's investigation and resolution of a complaint that Doe assaulted and engaged in acts of violence directed at Roe and a complaint that Roe had sexually harassed and engaged in acts of violence

directed at Doe; and (3) whether Doe suffered any injury or damages as the result of the University's or Roe's alleged conduct.

7. **Whether a jury trial is expected by either party.**

Doe has made a jury demand and expects a jury trial.

8. **A short description of any discovery undertaken to date and any anticipated in the future**.

No discovery has been undertaken to date. Currently pending before the Court is the University's motion to dismiss all claims in the Complaint against the University. Roe anticipates filing a motion to dismiss all claims against her. As discussed during the parties' joint Rule 26(f) conference, it is Doe's position that discovery should commence now, and it is the University's and Roe's position that discovery should commence following the Court's ruling on the parties' motion to dismiss should any claims survive dismissal.

9. **An agreed discovery proposal including whether expert discovery will be required.**

The parties have been unable to reach agreement on a discovery proposal but present their respective positions for the Court's consideration. As noted in response to item 8 above, Doe believes discovery should commence now. Roe and the University believe that discovery should not begin until after the Court rules on the two motions to dismiss because those motions seek to dismiss all claims brought against both Defendants. As a result, it is unclear at this point what, if any, claims will remain following the Court's ruling, which will impact the scope and extent of discovery.

The parties anticipate moving for entry of a joint stipulated confidentiality order.

The parties may engage in expert discovery on the issue of damages. The parties suggest exchanging initial Rule 26(a)(2) disclosures within 30 days of the close of fact discovery and disclosures of rebuttal witnesses within 30 days of the other party's disclosure. The parties propose that the Court not set a deadline for expert depositions at this stage.

The parties suggest filing any dispositive motions within 60 days of the close of all discovery.

10. **The earliest date the parties will be ready for trial and the length of the trial.**

The parties anticipate that they will be ready for trial 60 days after the close of expert discovery and/or following the Court's ruling on any motions for summary judgment. The parties estimate a trial in this matter would last one week.

11. **Whether the parties unanimously consent to proceed before the Magistrate Judge.**
The parties do not unanimously consent to proceed before the Magistrate Judge.

**12.** **The status of any settlement discussions and whether the parties request a settlement conference.**

The parties have had some preliminary settlement discussions and will inform the Court as soon as possible if they wish to request a settlement conference with the Magistrate Judge.

Dated this 25th day of January, 2019

/s/ Scott L. Warner
Scott L. Warner
Katelan E. Little
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
Scott.Warner@huschblackwell.com
Katelan.Little@huschblackwell.com
*Counsel for Defendant, University of Chicago*

/s/ Sean B. Crotty
Sean B. Crotty
Eugene J. Schiltz
Francis C. Wilkie
Crotty & Schiltz, LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 444-1000
scrotty@crottylaw.com
gschiltz@crottylaw.com
fwilkie@crottylaw.com
*Counsel for Plaintiff, John Doe*

/s/ Deidre Baumann
Deidre Baumann
Baumann & Shuldiner
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 372-8242
baumannesq@gmail.com
*Counsel for Defendant, Jane Roe*

/s/ Eugene J. Schiltz
Eugene J. Schiltz
Francis C. Wilkie
Sean B. Crotty
Crotty & Schiltz, LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 444-1000
scrotty@crottylaw.com
gschiltz@crottylaw.com
fwilkie@crottylaw.com
*Counsel for Plaintiff, John Doe*

/s/ Francis C. Wilkie
Francis C. Wilkie
Sean B. Crotty
Eugene J. Schiltz
Crotty & Schiltz, LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 444-1000
scrotty@crottylaw.com
gschiltz@crottylaw.com
fwilkie@crottylaw.com
*Counsel for Plaintiff, John Doe*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on January 25, 2019, she electronically

filed the foregoing JOINT INITIAL STATUS REPORT with the Clerk of the Court using the

CM/ECF system, which will send electronic notification of such filing to the following attorney:

> Sean B. Crotty (ARDC# 6242730)
> Eugene J. Schiltz (ARDC# 06181363)
> Francis C. Wilkie (ARDC# 6321729)
> Crotty & Schiltz, LLC
> 120 N. LaSalle Street, Suite 2000
> Chicago, IL 60602
> (312) 444-1000
> scrotty@crottylaw.com
> gschiltz@crottylaw.com
> fwilkie@crottylaw.com

/s/ Katelan E. Little
Katelan E. Little
